# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHARLES THIRU GATHU,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>Respondent. | NO. C09-1577-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

On November 4, 2009, petitioner Charles Thiru Gathu, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. No. 6.) He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. Respondent has filed a Return Memorandum and Motion to Dismiss, arguing that petitioner is properly detained pending his removal from the United States to Kenya. (Dkt. No. 9.) On February 9, 2010, however, petitioner submitted a notice of change of address stating that on February 3, 2010, he was "granted bond by the Immigration Judge and on this day I was able to bond out." (Dkt. No. 12 at 1.)

REPORT AND RECOMMENDATION - 1

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 18th day of February, 2010.

_____
JAMES P. DONOHUE
United States Magistrate Judge